UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| COREY ALAN BENNETT | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] No. 3:17-cv-1061 |
| | ] Judge Trauger |
| DONNA TURNER, et al. | ] |
| Defendants. | ] |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis (Docket Entry No. 2).

The plaintiff is an inmate at the Riverbend Maximum Security Institution in Nashville. It appears from his application that he lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, the plaintiff's application is GRANTED. The Clerk shall file the complaint in forma pauperis. 28 U.S.C. § 1915(a).[1]

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever

---

[1] The plaintiff has accrued at least three strikes. See Corey Alan Bennett v. Tennessee Department of Correction, et al., No. 3:14-2024 (M.D. Tenn.)(Campbell, J., presiding)(at Docket Entry No. 7). In this instance, however, he has alleged that he has been sexually assaulted and raped by numerous staff members and inmates over the past ninety days. Docket Entry No. 1 at 5. The Court finds that this is sufficient to suggest an imminent danger of serious physical injury. Therefore, the plaintiff may proceed as a pauper. 28 U.S.C. § 1915(g).

1

is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against twenty (20) defendants. These defendants include thirteen members of the Riverbend staff (Tony Mays, Andrew Brown, Carolyn Jordan, Mark Collins, Robert Bates, Robin Fish, Fred Schildkamp, Frank Heroux, James Horton, Michael Keathley, Robert Mosley, Gregory Leonard and Kristopher Messenger) and seven employees of the Tennessee Department of Correction (Donna Turner, Mandy Ellis, Tom Joplin, Ramon Sherrell, Nathan Miller, Rossi Jackson and Samuel Roberts).

According to the complaint, the plaintiff has been sexually assaulted and raped by numerous staff members and inmates over the past 90 days. Docket Entry No. 1 at 5. Some of the defendants who have been designated to investigate such claims have either ignored them or retaliated against the plaintiff for making the claims. *Id.*

The complaint describes how this type of claim should be investigated immediately with the

findings of the investigation being turned over to the Tennessee Department of Correction and, ultimately, to the local District Attorney for possible criminal prosecution. *Id.* at 7. The complaint names a particular defendant, Ramon Sherrell, as having raped the plaintiff "with the Institutional Investigator assisting him." *Id.* The attack was reported to Donna Turner, the Director of Investigations and Compliance for the Tennessee Department of Correction, who "refused to do anything or hear me out." *Id.*

The complaint describes another sexual assault by individuals who have not been named as defendants, *Id.* at 8, and recounts the plaintiff's efforts to have these assaults investigated by prison officials. *Id.* at 7-8. The plaintiff wants the Federal Bureau of Investigation to investigate his claims and forward them to a U.S. Attorney for prosecution.

As an initial matter, the plaintiff's recitation of the facts never mentions the defendants, Tom Joplin (PREA Coordinator for TDOC), Samuel Roberts (a TDOC investigator) and Tony Mays (a Warden at Riverbend).[2] In the absence of any factual allegations against these defendants, the plaintiff has failed to state a claim against them. These defendants, therefore, are hereby DISMISSED from this action. 28 U.S.C. § 1915(e)(2).

The plaintiff alleges that the defendants are liable for failing to properly investigate and prosecute his claims of sexual assault. In this regard, he names members of the Sexual Abuse Response Team at Riverbend (Carolyn Jordan, Mark Collins, Andrew Brown, Robin Fish, Fred Schildkamp and Robert Bates), six shift commanders (Frank Heroux, James Horton, Michael

---

[2] The plaintiff alleges that an institutional investigator assisted Ramon Sherrell when he raped the plaintiff. Docket Entry No. 1 at 7. Samuel Roberts is a TDOC investigator. However, the plaintiff does not identify who the investigator was that assisted in the rape.

3

Keathley, Robert Mosley, Gregory Leonard and Kristopher Messenger), and members of the TDOC Law Enforcement Unit (Ramon Sherrell, Rossi Jackson, Nathan Miller, Donna Turner and Mandy Ellis) as defendants.

It is well settled that the plaintiff must allege the personal involvement of a defendant in the alleged misconduct to state a claim under § 1983. Taylor v. Michigan Dept. of Corrections, 69 F.3d 76, 81 (6th Cir. 1995)(the plaintiff must allege facts showing that the defendant participated in, condoned, encouraged, or knowingly acquiesced in the alleged misconduct). A showing of "direct responsibility" for the misconduct is a prerequisite for liability. The mere failure to act, even in the face of a statistical pattern of incidents of misconduct, is not enough to impose liability on a defendant. Rizzo v. Goode, 423 U.S. 362, 376 (1976).

Nevertheless, a failure to investigate complaints or discipline officers can, under certain circumstances, give rise to liability under § 1983. *See* Marchese v. Lucas, 758 F.2d 181, 188 (6th Cir. 1985), *cert. denied*, 480 U.S. 916 (1987). Such a circumstance arises when one can infer from a willful failure or refusal to investigate that the defendants have ratified the unconstitutional behavior and conditions leading up to an assault. Walker v. Norris, 917 F.2d 1449, 1457 (6th Cir. 1990).

According to the complaint, specific acts of sexual abuse were reported to Donna Turner (Docket Entry No. 1 at 7), Rossi Jackson (*Id.*), James Horton (*Id.* at 8) and Kristopher Messenger (*Id.*). The plaintiff claims that these defendants never acted upon his charges. Because their alleged failure to investigate could, at this time, be construed as possibly willful, these defendants should be required to answer the plaintiff's claims. There are no allegations of personal involvement or willful misconduct on the part of the remaining defendants in this group. Therefore, the claims

against Mandy Ellis, Nathan Miller, Andrew Brown, Carolyn Jordan, Mark Collins, Robert Bates, Robin Fish, Fred Schildkamp, Frank Heroux, Michael Keathley, Robert Mosley and Gregory Leonard are also DISMISSED. 28 U.S.C. § 1915(e)(2).

The plaintiff alleges that the defendant, Ramon Sherrell, raped him on June 18, 2017. Docket Entry No. 1 at 7. A sexual assault by a guard on a prisoner is actionable under § 1983. Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997). Therefore, this defendant shall remain in the lawsuit at this time.

The Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for each defendant remaining in this action (Sherrell, Turner, Jackson, Horton and Messenger). The plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packet, PROCESS SHALL ISSUE to the defendants.

The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is REFERRED to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court. The Magistrate Judge may recommend the dismissal of

any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).[3]

The Clerk is further instructed to send a copy of this order to the Warden of the Riverbend Maximum Security Institution to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

Enter this 28th day of July 2017.

_____
Aleta A. Trauger
United States District Judge

---

[3] In the complaint, the plaintiff mentions the Prison Rape Elimination Act, 42 U.S.C. § 15601, *et seq.* Although not yet addressed by the Sixth Circuit, several district courts have recognized that this statute does not create a private cause of action. *See* Montgomery v. Harper, 2014 WL 4104163 at 2 (W.D. Ky.; 8/19/14). To the extent that the complaint might be construed as bringing a claim under this statute, such a claim must be dismissed. Hill v. Hickman County Jail, 2015 WL 5009301 at 3 (M.D. Tenn.; 8/21/15).