UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY ALAN BENNETT,<br>    Plaintiff,<br>v.<br>RAMON SHERRELL, ET AL.,<br>    Defendants. | Case No. 3:17-cv-00992<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| COREY ALAN BENNETT,<br>    Plaintiff,<br>v.<br>CAPTAIN ROBERT MOSLEY, ET AL.,<br>    Defendants. | Case No. 3:17-cv-1058<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| COREY ALAN BENNETT,<br>    Plaintiff,<br>v.<br>DONNA TURNER, ET AL.,<br>    Defendants. | Case No. 3:17-cv-01061<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| COREY ALAN BENNETT,<br>    Plaintiff,<br>v.<br>MARK COLLINS, ET AL.,<br>    Defendants. | Case No. 3:17-cv-01174<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| COREY ALAN BENNETT,<br>    Plaintiff,<br>v.<br>TONY PARKER, ET AL.,<br>    Defendants. | Case No. 3:17-cv-01176<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| COREY ALAN BENNETT,<br>    Plaintiff,<br>v.<br>MONICA GRETTA, ET AL.,<br>    Defendants. | Case No. 3:17-cv-01416<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| | |

| COREY ALAN BENNETT,<br>　　　Plaintiff,<br>v.<br>KOREY COOPER, ET AL.,<br>　　　Defendants. | Case No. 3:17-cv-01467<br><br>Judge Trauger<br>Magistrate Judge Newbern |
|---|---|

To the Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

These matters came before the Magistrate Judge on February 26, 2018, for a hearing convened to determine whether they had been frivolously or maliciously filed by Plaintiff Corey Alan Bennett. At that hearing, Bennett, ably represented by court-appointed counsel, moved to voluntarily dismiss all pending matters with prejudice. There was no opposition to the voluntary dismissal of these actions. However, the defendants asked the Court to consider imposing a pre-filing protocol to discourage Bennett from filing future similar actions. For the reasons that follow, the undersigned RECOMMENDS that all of Bennett's actions be voluntarily dismissed with prejudice and further RECOMMENDS that the Court decline to impose pre-filing requirements on Bennett in addition to those already in place under the Prison Litigation Reform Act (PLRA).

**I.　Background**

Plaintiff Corey Alan Bennett, a Tennessee prisoner, is well-known to this Court. Since 2014, he has filed more than forty lawsuits here regarding the conditions of his confinement that have been dismissed voluntarily, through PLRA screening, or by a defendant's motion to dismiss for failure to state a claim. What Bennett alleges in these actions is serious: he claims extensive physical and sexual abuse at the hands of guards, prison administrators, and other officials. However, Bennett admitted in a hearing before Magistrate Judge Brown held in 2015 that the claims he makes are false and that, "when [he gets] frustrated[,] . . . the only way to cope . . . with

[his] frustration . . . is file . . . frivolous lawsuits . . . ." Transcript, *Bennett v. Brown et al.,* 3:15-cv-0937, Doc No. 50, PageID# 222 (M.D. Tenn. Jan. 11, 2016).

Although Bennett stated in the 2015 hearing that he was "never going to file another complaint in this court," he did not keep that promise. (*Id.*) Bennett filed the present actions between June 2017 and November 2017, again alleging assault, rape, and other abuses by prison officials. When this Magistrate Judge set the cases for a consolidated hearing, Bennett filed motions to dismiss individual defendants and some actions in full and repeatedly asked that the hearing be cancelled. At the beginning of the hearing, before any further inquiry took place, Bennett's counsel announced that Bennett would voluntarily dismiss all of the actions with prejudice.

Because there is no objection to the voluntary dismissal of these cases, this report and recommendation addresses only the defendants' oral motion for the Court to impose pre-filing requirements on any future actions Bennett might bring. While the defendants did not argue for any specific protocol to be put in place, they referenced pre-filing procedures employed in other districts that required, for example, a plaintiff who had filed multiple dismissed actions to submit an affidavit with any new action that the claims he raised had not been made before. The defendants offered no examples of such requirements from cases in which the plaintiff was a prisoner and subject to the PRLA.

## II. Analysis

Because Bennett's actions challenge the conditions of his confinement, each is subject to the PLRA's requirements. 42 U.S.C. § 1997 *et seq.* Congress enacted the PLRA "in the wake of a sharp rise in prisoner litigation in the federal courts." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The statute's "dominant concern" is "to promote administrative redress, filter out groundless

3

claims, and foster better prepared litigation of claims aired in court." *Porter v. Nussle*, 534 U.S. 516, 528 (2002). The statute addresses these objectives, first, by requiring exhaustion of administrative remedies within the correctional institution before an action can be filed in court, *see id.* at 523-24; 42 U.S.C. § 1997e(a). It also establishes three pre-filing mechanisms designed to discourage the filing of meritless claims.

First, the PLRA requires courts to perform an initial review of a prisoner's complaint before any defendant is served to determine if any claims made are frivolous, malicious, or fail to state a claim upon which relief may be granted. If the court so finds, it is authorized to dismiss those claims and any associated defendants sua sponte. This screening mechanism acts as a bulwark against the filing of entirely frivolous actions and as a filter ensuring that only legally sufficient claims are allowed to proceed to service. *See Porter*, 534 U.S. at 524 (stating that, "[b]eyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits.")

In addition to authorizing the courts' enhanced authority to terminate meritless claims and actions, Congress created a financial disincentive to prisoner filings. Under 28 U.S.C. § 1915(a), prisoners who qualify for in forma pauperis status must still pay the full filing fee to bring a civil action, although they are allowed to do so through monthly deductions of a percentage of their inmate trust accounts.[1] *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997) (finding that the filing fee obligation creates a financial disincentive that requires a prisoner to "think twice" before filing a frivolous claim (quoting Senator Kyl)); *Christiansen v. Clarke*, 147 F.3d 655, 658 (holding

---

[1] Congress reasoned that, because prisoners are allowed to pay the fee over time, "the filing fee is small enough not to deter a prisoner with a meritorious claim, yet large enough to deter frivolous claims and multiple filings." *Hobbs*, 106 F.3d at 1287 (quoting Senator Kyl). *See also* 28 U.S.C. § 1915(b).

4

that the 1996 amendments to § 1915 created "monetary and procedural disincentives to the filing of meritless cases"). The filing fee provision "was aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filing have placed on the federal courts." *Hobbs*, 106 F.3d at 1286. Through it, Congress sought to impose on prisoner plaintiffs a consideration equivalent to payment of the full filing fee by non-incarcerated plaintiffs who do not appear in forma pauperis. *See also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (finding that "Congress enacted § 1915(d) in order to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentive to filing meritless claims").

A third provision of the PLRA creates a separate disincentive. Under 28 U.S.C. § 1915(g), a prisoner is prevented from proceeding in forma pauperis when the prisoner has repeatedly filed meritless lawsuits. Known as the "three-strikes rule," the provision states that a prisoner must pay the full filing fee upon the initiation of a new lawsuit if, while incarcerated or detained, he has had three or more federal actions or appeals dismissed on grounds that the action was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this provision comes in cases where the prisoner alleges imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To satisfy the imminent danger exception, a prisoner must allege that a threat or prison condition is "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). Moreover, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Id.* at 798 (internal quotation marks and citations omitted); *see also Taylor v. First Medical Management*, 508 F. App'x 488, 492 (6th Cir. 2012) (finding that "[a]llegations that are

5

conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception").

The PLRA's filing requirements were carefully crafted to strike a balance between diverting meritless filings and allowing prisoners' potentially meritorious claims to proceed. That balance has been working in this Court—a large number of lawsuits filed by Bennett were never served on the named defendants because they were dismissed on the Court's initial review of their merits or by application of the three-strikes rule. The current actions proceeded through screening because Bennett sufficiently crafted his allegations to fall under the three-strikes rule's imminent danger exception. Now Bennett has admitted in various ways that those allegations were without merit, and the Court will consider that history in its evaluation of any future actions Bennett might file.

Accordingly, in light of what the PLRA already requires from all prisoners, the undersigned Magistrate Judge finds that additional pre-filing requirements addressed only to Bennett are not necessary. Congress has done the work of establishing a comprehensive screening mechanism that adequately addresses Bennett's filings. The Court need not duplicate or supplement those efforts.

### III. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court GRANT Bennett's motions to voluntarily dismiss each of these actions with prejudice and FIND MOOT all remaining pending motions.

Any party has fourteen days after being served with this Report and Recommendation in which to file any written objections to it. A party opposing any objections filed shall have fourteen days after being served with the objections in which to file any response. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and

Recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered this 25th day of April, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge